UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| GALVASID S.A. DE C.V., | ) |
| Plaintiff | ) |
| v. | ) Court No. 25-00234 |
| UNITED STATES, | ) |
| Defendant. | ) |

ORDER

Upon consideration of the Plaintiff's Motion to Dismiss and all other papers and proceedings herein, and upon due deliberation, it is hereby:

ORDERED, that the Motion is GRANTED, and it is further hereby

ORDERED, that this action is dismissed without prejudice.

SO ORDERED.

Signed: _____
Judge

Dated: _____
   New York, NY

BEFORE THE
UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| GALVASID S.A. DE C.V., | ) |
|        Plaintiff | ) |
|    v. | ) Court No. 25-00234 |
| UNITED STATES, | ) |
|        Defendant. | ) |

PLAINTIFF'S MOTION TO DISMISS

In accordance with Rule 41(a)(2) of the Court's Rules, Plaintiff Galvasid S.A. de C.V. ("Galvasid" or "Plaintiff") respectfully submits this motion to dismiss its appeal docketed under Case Number 25-00234 without prejudice.  Plaintiff notes that this appeal remains in its early stage, having been docketed on October 27, 2025.

The statute provides that within 30 days after the date of publication in the Federal Register the notice of a final determination in an antidumping duty investigation:

> An interested party who is a party to the proceeding in connection with which the matter arises may commence an action in the United States Court of International Trade by filing a summons, and within thirty days thereafter a complaint, each *with the content and in the form, manner, and style prescribed by the rules of that court*, contesting any factual findings or legal conclusions upon which the determination is based.[1]

Plaintiff commenced this action by filing a Summons on October 27, 2025, to contest the Department of Commerce's final determination in the antidumping duty investigation on *Certain Corrosion-Resistant Steel Products from Mexico*.  On October 27, counsel for Plaintiff was contacted by the Case Manager at the Court of International Trade, who

---

[1] 19 U.S.C. § 1516a(2) (emphasis added).

informed counsel for Plaintiff that the Summons filed by Plaintiff was not in proper form because it did not correctly identify the Clerk of the Court. (The Summons filed by Plaintiff identified the previous Clerk of the Court, Mario Toscano, rather than the current Clerk of the Court, Gina Justice.)

On October 28, Plaintiff corrected this error by filing a new Summons that correctly identified the Clerk of the Court, contesting the same final determination in the antidumping duty investigation on *Certain Corrosion-Resistant Steel Products from Mexico*.[2] As a result, the present appeal (which was commenced by Plaintiff on October 27 and docketed under Case Number 25-00234) has become superfluous. Plaintiff

---

[2] Plaintiff's new action was docketed under Case Number 25-00235. That action was timely filed within the 30-day period that began to run 31 days after the date of publication of the final determination being challenged. *See* 19 U.S.C. § 1516a(a)(5)(A).

As noted in the Complaint filed in this action, Plaintiff believes that there is some ambiguity as to whether the statute requires the summons to be filed between 31 and 60 days after publication of the *final determination*, or whether it instead requires the summons to be filed between 31 and 60 days after publication of the *antidumping order* in cases involving USMCA countries. To avoid any uncertainty, we intend to file an additional summons initiating a separate appeal between 31 and 60 days after publication of the order (once an order is published).

Because we intend to file an additional summons initiating a separate appeal after publication of the order, we are requesting that the Court dismiss this appeal (docketed under Case Number 25-00234) by court order, without prejudice, instead of filing a Form 7A Notice of Voluntary Dismissal. In this regard, we note that the Court's Rules provide that the first voluntary dismissal by the plaintiff without a court order is without prejudice, but go on to state that:

> …if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

*See* Rule 41(a)(1)(B). Consequently, if we were to dismiss this action by filing a Form 7A Notice, and then for some reason were to request dismissal through a Form 7A Notice of one of the additional actions we have filed or intend to file, the second Notice might improperly be treated as an adjudication on the merits. To avoid that result, we ask that the Court dismiss this appeal by court order.

therefore respectfully request that the Court dismiss this appeal (which was filed on October 27 and docketed under Case Number 25-00234) without prejudice.

          Respectfully submitted,

          /s/Jeffrey M. Winton
          Jeffrey M. Winton
          Michael J. Chapman
          Amrietha Nellan
          Vi. N. Mai
          Rachel Hauser

          WINTON & CHAPMAN PLLC
          1100 13th Street NW, Suite 825
          Washington, DC  20005
          (202) 774-5500

          Attorneys for Galvasid S.A. de C.V.

Dated:  October 31, 2025